STATE OF VERMONT

ENVIRONMENTAL COURT

| Appeal of Trevor Evans | } | Docket No. 122-5-02 Vtec |
|---|---|---|
| | } | |
| | } | |
| | } | |
| | } | |

Decision and Order

[as issued June 30, 2003, with corrections on pages 1 and 6, per August 8, 2003 entry order]

Appellant Trevor Evans appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Derby upholding the issuance of a zoning permit to Gerard Cote for the placement of a mobile home and to complete a garage building. Appellant is represented by Stephen A. Reynes, Esq. and Peter Kopsco, Esq.; Appellee-Applicant Gerard Cote appeared and represented[1] himself; the Town is represented by Charles Hickey, Esq. but did not take an active role at trial. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellee-Applicant Gerard Cote owns a 2.46-acre parcel of land in the Rural Lands zoning district of the Town of Derby, which he acquired in 1979. The property has approximately 218 feet of frontage on Town Highway 32 (Schuler Road) and is approximately 450 feet deep. It is located fairly close to an intersection of Schuler Road with an interchange with Interstate 91. [Schuler Road curves around a dense tree-lined bend in the road to the west of Appellee-Applicant's property.]

The southeasterly boundary of Appellee-Applicant's property runs along former[2] Town Highway 43 and adjoins Appellant's property; that line is disputed as between Appellant and Appellee. Former Town Highway 43 north of Schuler Road is an unimproved roadway. Appellee-Applicant claims the use of former Town Highway 43, and claims ownership (based on his deed description) to the centerline of former Town Highway 43. Appellant claims to a fence line roughly parallel to and northwesterly of the centerline of former Town Highway 43, approximately twenty-five[3] feet onto Appellee-Applicant's claimed parcel from the centerline of former Town Highway 43. The parties were advised by the Court that their dispute regarding this boundary line cannot be resolved in this appeal, but must be litigated, if at all, in Superior Court.

At some point during this dispute in the summer of 2002, Appellee-Applicant blocked off access from Schuler Road to former Town Highway 43 with a moveable barrier composed of two logs (one on each side) and a center section of used metal framing. The barrier was marked by a large, diamond-shaped, orange metal highway sign supported by a low wooden easel-type support, stating 'One Lane Ro[ad] [A]he[ad],' to which was attached a small commercially-available 'No

Trespassing' sign. The parties were advised by the Court that any dispute regarding their respective rights to use former Town Highway 43 cannot be resolved in this appeal, but must be litigated, if at all, in Superior Court.

In 1987 Appellee-Applicant commenced construction of a 40' x 60' cinder-block structure towards the rear of his property, with access down former Town Highway 43. If access from former Town Highway 43 were unavailable, it would be technically feasible to install a driveway to the structure directly from Schuler Road; however, such a driveway would require an access permit from the Town to make a new curb cut in Schuler Road, and would involve the removal of trees on Appellee-Applicant's parcel. The 40' x 60' building has been variously referred to as a 'storage building' or a 'garage shed' and had not been completed as of the date of trial. It has partially-completed cinder block walls and metal roof trusses installed. Appellee-Applicant intends to complete the back wall and the roof, and to install doors on the front of the building, facing former Town Highway 43. The permit application at issue in the present case includes an application to complete this structure.

In the fall of 1992 Appellee-Applicant applied for and received a zoning permit for an 8' x 24' one-story building to be used as a vegetable stand, described as located " off Town road 43," that is, with access from Town Highway 43. The original 'building' was an 8' x 24' truck trailer with a refrigeration unit. Appellee-Applicant subsequently built a one-and-a half-story wood building with a metal roof, above and in front of the original truck trailer. The building is located in the southerly corner of the property near the intersection of Schuler Road and former Town Highway 43. The building has the appearance of a barn with two large double doors flanking a conventional door at ground level. Appellee-Applicant did not use the building as a vegetable stand and instead uses the structure for storage.

Appellee-Applicant's property was conveyed subject to a so-called ' deferral of permit' condition imposed under the state subdivision regulations, requiring a state subdivision permit to be acquired before any building requiring plumbing or sewage disposal could be constructed or occupied on the parcel. Appellee-Applicant obtained the state permit in 1996 which approved on-site waste disposal and on-site water supply systems for the property. Any issues regarding whether the systems have been installed as approved in the state permit are not before the Court in this appeal.

Three large metal containers (the trailer portion of a standard tractor-trailer truck) remain on the property, used by Appellee-Applicant for storage of his tools and building materials. An additional open canopy and additional building materials are stored in the open in the vicinity of the partially-completed 40' x 60' building. Appellee-Applicant intends to move these storage containers inside the 40' x 60' building once it is completed, and to use the building materials in completing the building.

In 2001 the Town of Derby brought an action (Docket No. 126-8-01 Vtec) against Appellee-Applicant to enforce the Zoning Bylaw regarding ' junkyards' (as defined in the Bylaw) on this parcel and another parcel owned by Appellee-Applicant across and to the south of Schuler Road. The Environmental Court (Judge Martin, presiding) issued a judgment order imposing injunctive relief on January 10, 2002 and in September 2002 issued a final judgment order. The September

2002 order noted that Appellee-Applicant had removed all personal property falling within the definition of junk as required by the January 2002 order, but that the mobile home remained on one parcel and that the unfinished building and three covered utility trailers and building materials (intended for the completion of the storage building) remained on the other. The January 2002 order had required that Appellee-Applicant either to apply for zoning approval of the placement of the mobile home or to remove it; the September 2002 order noted that Appellee-Applicant had made the application and that the proceedings were still pending. Appellee-Applicant's appeal of the September 2002 final order was dismissed by the Vermont Supreme Court on June 17, 2003.

In response to the January 2002 order, on January 16, 2002, Appellee-Applicant applied for and received the zoning permit at issue in the present appeal. It authorized the 12' x 60' mobile home (with stoop), as a single-family dwelling, and the 40' x 60' ' garage shed,' with a height of 19 feet, as an accessory structure, with the requirement only that the mobile home must be placed on a permanent foundation, such as concrete blocks.

Appellee-Applicant's application showed the mobile home placed at an angle about a third of the way back on the parcel and about 50 feet from the centerline of former Route 43. The proposed septic system is shown about 80 feet from the centerline of former Route 43. Even if the property line is as claimed by Appellant, the mobile home would be located at least 25 feet from the property boundary on that side, which is the minimum side setback required by the Zoning Bylaw.

Appellee-Applicant proposes to gain access to the mobile home by a short driveway from former Town Highway 43. If access from former Town Highway 43 were unavailable, it would be technically feasible to install a driveway to the mobile home from Schuler Road; however, such a driveway would require an access permit from the Town to make a new curb cut in Schuler Road.

Appellee-Applicant's parcel meets the minimum lot size of two acres in the Rural Lands zoning district. A single family dwelling is a permitted use in the district, and under § 701.4 of the Zoning Bylaw a mobile home qualifies as a single family dwelling if it is placed on a level compacted surface, placed on blocks, and if the area between the mobile home and the ground is completely enclosed.

As an accessory structure, the 40' x 60' garage shed is also a permitted use in the district. It must be used for a purpose subordinate and incidental to the principal use of the parcel which is a residential use. If Appellee-Applicant wishes to carry on a home occupation or residential business in the structure, he must apply for and qualify for such an occupation or business under § 402.3 for a home occupation or § 402.8 as a conditional use for a residential business. The zoning permit authorized by this decision does not authorize either a home occupation or a residential business; any such proposal must be the subject of a future application.

The storage of the metal storage containers and the building materials outside, other than as authorized by the order in the enforcement case, does not conform to the zoning bylaw. If the garage shed building is not completed within the time allowed by the Zoning Bylaw after the

permit authorized by this decision becomes final, Appellee-Applicant may wish to protect himself by obtaining a temporary permit under § 403.2(I) for the outdoor storage incidental to construction of the garage shed building. No such temporary permit was applied for or granted in the proceedings on appeal in the present case; therefore it must be applied for, if at all, to the Zoning Administrator in the first instance.

Appellant seeks to have the Court condition the permit on appeal in the present case on the removal of the so-called vegetable stand because the size and present use of that building exceeds the scope of the 1992 permit. However, the Court is without jurisdiction to take any action regarding that structure in the present appeal. That structure received a permit in 1992. That permit was not appealed and became final. It cannot be challenged, either by Appellant or by Appellee-Applicant, directly or indirectly in this appeal. If the size or the use of the structure exceeds the terms of the 1992 permit; that permit may be enforced according to its terms, and Appellant is free to request the Zoning Administrator to initiate enforcement action of the terms of the 1992 permit. If a ZBA order or court order results from such action, **24** V.S.A. § 4470(c) may become applicable.

The Zoning Bylaw requires, in § 403.3(E), that driveways be located at least ten feet from any property line. Town Highway 43 may have reverted to the status of a trail, over which both parties have rights of use; the parties may each own to the centerline of former Town Highway 43; or one of the parties may have ownership rights over the whole of former Town Highway 43. Appellee-Applicant may have prescriptive rights over some or all of former Town Highway 43. This Court has only the jurisdiction that the ZBA had over this zoning permit application. If the parties own to the centerline, and Appellee-Applicant wishes to use his half of the former Town Highway 43 as his access driveway, § 403.3(E) seems to require that the traveled driveway be located no closer than ten feet from the boundary. All the Court can require is that Appellee-Applicant's access comply with the Zoning Bylaw. If the disputed line turns out to be located as claimed by Appellant, Appellee-Applicant may have to put in access from Schuler Road, or may wish to assert some prescriptive rights of access, but we cannot make that determination in the present case.

Appellant also argues that an access directly from Schuler Road would be preferable as the sight distances along Schuler Road would be safer from a driveway installed along Appellee-Applicant's frontage than from former Town Highway 43. As former Town Highway 43 is an existing access, and the proposed single-family dwelling is a permitted use (that is, it does not have to meet the conditional use standards), we do not consider whether a new access might be preferable. We note, however, that if Appellee-Applicant were to apply for a residential business, which is a conditional use, that issue might be raised in the context of such an application.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's application to place a 12' x 60' mobile home (with stoop) on the property and to construct a 40' x 60' storage building is GRANTED.

As discussed above, Appellee-Applicant shall comply with § 701.4 of the Zoning Bylaw by placing the mobile home on a level compacted surface, on a foundation such as blocks, and by completely enclosing the area between the mobile home and the ground.

Appellee-Applicant shall comply with the side setback requirements by placing the mobile home no closer than 25 feet from the side property boundary, which he is free to accomplish either by placing it not closer than 25 feet to the line claimed by Mr. Evans, or by establishing the boundary in Superior Court prior to placing the mobile home.

Appellee-Applicant is also free to apply to the Zoning Administrator for a temporary permit under § 403.2(I) for the outdoor storage incidental to construction of the garage shed building or for the use of the ' farm stand' building for temporary storage.

The permit authorized by this decision does not address any commercial activity, including any home occupation or residential business. Any such activity, other than that already covered under the 1992 permit for the farm stand, would require application for a permit for a home occupation or residential business. Appellee-Applicant is free to inquire of the Zoning Administrator whether the one-time sale or removal of any excess building materials or of property now stored in the trailers or the canopy structure, or the one-time sale and removal of those trailers, canopy or the so-called farm stand building, would require any permit under the Zoning Bylaw.

Dated at Barre, Vermont, this 30th day of June, 2003.

_____
Merideth Wright
Environmental Judge

## Footnotes

[1.]  Due to his ill health and limited ability to communicate in English, he requested and was allowed to have Mr. John Stevens assist him at counsel table. Mr. Stevens is a real estate broker who had been involved in the sale of the parcel to Mr. Cote. The scheduling of the matter for trial was also postponed for a time at Mr. Cote's request due to his illness.

[2.]  The status of the road, that is, whether it has become a legal trail, or has been 'thrown up' by the Town and reverted to its former ownership, and whether that ownership is to the centerline of the road or not, has not been established in the present appeal. This decision will refer to it as "former Town Highway 43" without prejudice to its actual ownership status.

[3.]  From 7 feet at the Schuler Road end to 24.72 feet at the other end.